**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CAESARS WORLD, INC., ) | Case No.: 11-cv-00536-GMN-CWH |
| ) | |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| ) | |
| MARCEL JULY; OCTAVIUS TOWER LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## INTRODUCTION

Before the Court is Defendant/Counterclaimant Marcel July's Motion for a Preliminary Injunction (ECF No. 16).  Plaintiff/Counter Defendant Caesars World, Inc. filed a Response on June 6, 2011 (ECF No. 19) and July did not file a Reply.

For the following reasons the Court DENIES Defendant/Counterclaimant Marcel July's Motion for a Preliminary Injunction (ECF No. 16).

## FACTS

This case arises out a trademark dispute and alleged acts of trademark infringement. Plaintiff/Counter Defendant Caesars World, Inc. ("Caesars") is the owner and operator of CAESARS PALACE branded casino hotel in Las Vegas, Nevada, and CAESARS branded casino hotel in Atlantic City, New Jersey, and is the operator of a CAESARS branded casino hotel in Ontario, Canada and a CAESARS branded casino in Cairo, Egypt. (Compl. ¶ 10, ECF No. 1.)  The parent company of Caesars, Harrah's Entertainment, Inc., issued a press release on July 19, 2007 that it would be building an expansion including "Octavius Tower." (*Id.* at ¶14.)  Octavius Tower opened its doors on September 11, 2009. (*Id.* at ¶16.)

On July 20, 2007 Caesars, filed an intent-to-use service mark application with the

1  United States Patent and Trademark Office ("USPTO") for the mark OCTAVIUS TOWER for
2  "hotel services" in International Class 43. (*Id.* at ¶17.)  Caesars had to abandon their
3  application because it could not provide the USPTO with a specimen of use due to a delay in
4  the opening of the tower before the January 29, 2011 deadline. (*Id.* at ¶19.)  Caesars filed a
5  new intent-to-use application for the OCTAVIUS TOWER mark on December 14, 2010. (*Id.*
6  at ¶20.)

7  Marcel July founded the Octavius Tower Band and entertainment company in 1992.
8  (Counter Complaint ¶68, ECF No. 15.)  July applied to the USPTO for the trademark
9  "Octavius Tower" for entertainment services. (*Id.* at ¶ 82.)  The USPTO granted the mark to
10 July on September 9, 2009 under Registration # 3675168. (*Id.*)  July then filed an application
11 for the mark "OCTAVIUS TOWER" on July 23, 2009 and the USPTO granted the mark on
12 January 12, 2010 under Registration # 3736945. (*Id.* at 83.)

13 Caesars disputes July's claim to a valid and protectable trademark.  Caesar's alleges
14 that July registered the domain names <octaviustower.com>, <octaviustowers.com>,
15 <octaviustowerlasvegas.com> and <octaviustowerslasvegas.com> two days after Caesars
16 announced its plans to build Octavius Tower.  Caesars alleges that July bought these domain
17 names and other domain names similar to Caesars in order to sell the sites.  July asserts that it
18 is the rightful owner of the trademark OCTAVIUS TOWER and only registered the sites to
19 protect his band name and trademark.  The parties have engaged in several communications
20 regarding the Octavius Tower marks that have included the threat of litigation.

21 Caesars filed the instant suit seeking declaratory judgment for non-infringement of
22 July's mark as well as cancellation of July's registrations for non-use, abandonment and fraud
23 to protect on April 8, 2011.  July filed an Answer and Counterclaim against Caesars on May
24 / / /
25 / / /

19, 2011. July then filed the instant motion for preliminary injunction.

## DISCUSSION

**A.   Legal Standard**

The Ninth Circuit in the past set forth two separate sets of criteria for determining whether to grant preliminary injunctive relief:

> Under the traditional test, a plaintiff must show: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). The alternative test requires that a plaintiff demonstrate either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.

*Taylor v. Westly*, 488 F.3d 1197, 1200 (9th Cir. 2007). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Id.*

The Supreme Court reiterated, however, that a plaintiff seeking an injunction must demonstrate that irreparable harm is "*likely*," not just possible. *Winter v. NRDC*, 129 S. Ct. 365, 37476 (2008). The Supreme Court has made clear that a movant must show both "that he is *likely* to succeed on the merits [and] that he is *likely* to suffer irreparable harm in the absence of preliminary relief . . . ." *Winter*, 129 S. Ct. at 374 (citing *Munaf v. Geren,* 128 S.Ct. 2207, 2218–19 (2008); *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987); *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311–12 (1982)) (emphasis added).

A recent Ninth Circuit decision has clarified whether the slide scale approach is still a valid test under *Winter*. In *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, (9th Cir. 2011), the court held that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after the Supreme Court's decision in *Winter*. "[T]he

'serious questions' approach survives *Winter* when applied as part of the four-element *Winter* test. That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id*. at 1135.

**B.     Analysis**

July argues that he is entitled to a preliminary injunction under 15 U.S.C. § 1116 because Caesars' actions constitute infringement and dilution of his trademark under 15 U.S.C. §§1114 and 1125. July does not demonstrate that he is entitled to an injunction under the four *Winter* factors, in fact he fails to discuss the factors at all.

July's only argument is that he is the only owner of a USPTO registration of the name "Octavius Tower" as well as three registrations in Nevada and one in Florida. July argues that this makes his mark senior to Caesars' and therefore he is entitled to injunctive relief. July's registration of the mark with the USPTO constitutes prima facie evidence of the validity of the registered mark and of July's exclusive right to use the mark on the goods and services specified in the registration. *Brookfield Communications, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1047 (9th Cir. 1999); *see also* 15 U.S.C. §§ 1057(b); 1115(a). This argument would go to the likelihood of success factor.

However, Caesars can rebut this presumption by showing that the mark is not in use or if the registration was obtained fraudulently. 15 U.S.C. §1115. Caesars makes strong arguments against July's use of the mark that extinguishes July's prima facie case. Caesars also challenges July's claimed use of the mark in commerce arguing that July does not have a bona fide right to the mark. *See*, *e.g.*, *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1160 (9th Cir. 2001).

July did not bother to respond to Caesars' arguments and this Court will not speculate

as to what July's arguments might be.  Further, even if July were to prevail on his first argument that he is likely to succeed on the merits, he does not demonstrate that he will be irreparably harmed, that the balance of hardships tips sharply in his favor, or that an injunction is in the public interest.  *Winter* requires that the party seeking injunctive relief make a showing on all four factors.  *See Cottrell*, 632 F.3d 1127.  Without more specific arguments, the Court declines to speculate as to what those arguments might have been merely in order to address their merits.  It is July's burden to show that he is entitled to injunctive relief and he has failed to do so in his moving papers.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant/Counterclaimant Marcel July's Motion for a Preliminary Injunction (ECF No. 16) is **DENIED**.

**DATED** this 24th day of October, 2011.

_____
Gloria M. Navarro
United States District Judge